UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 22-CR-20162-SCOLA

UNITED STATES OF AMERICA
     Plaintiff,

vs.

CARLOS MIGUEL PAULINO MARTE,
     Defendant.

_____/

## CARLOS PAULINO MARTE'S OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT (PSI) (DE 40)

Carlos Miguel Paulino Marte, through undersigned counsel, submits the following objections to the draft Presentence Investigation Report ("PSI"). DE 40. Mr. Paulino pleaded guilty to conspiracy to possess with intent to distribute five kilograms or more of a mixture containing a detectable amount of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70506(b).

### I.    FACTUAL OBJECTIONS

#### a.  Additional Payment for Captain (PSI ¶15)

Mr. Paulino raises this factual objection solely because he views it as relevant to his legal objection regarding the captain enhancement, which is discussed in Part.II.a, *infra*. Paragraph 15 of the PSI indicates that Mr. Paulino's co-defendant, Carlos Almonte, was recruited to transfer the cocaine by an individual who stated that the captain of the boat would receive $75,000 and the crewmembers would receive $25,000. Mr. Paulino was not a party to this phone call and thus does not

1

dispute the accuracy of what Mr. Almonte said.  But for the sake of a more complete and more accurate record, Mr. Paulino asserts that he was never told anything about a $75,000 payment, and rather offered only a $25,000 payment.  Mr. Paulino's post-arrest statement, which was turned over by the government in discovery, indicates only that Mr. Paulino told authorities that "Carlos call[ed] him in November and ask[ed] if he wante[d] to run a load (meaning traffic[ ] cocaine) from Co[lu]mbia to the DR."  It does not mention a $75,000 payment—or any payment for that matter.

## II.     LEGAL OBJECTIONS

### a.  Captain Enhancement (PSI ¶ 23)

Mr. Paulino objects to Probation's determination that he should receive a 2-level enhancement, under U.S.S.G. § 2D1.1(b)(3)(C), for acting as the captain, navigator, flight officer or any other operation officer aboard a vessel carrying a controlled substance.  Mr. Paulino acknowledges that he identified himself as the "master" of the vessel after it was apprehended by the United States Coast Guard. This alone does not justify application of the enhancement in light of the other evidence in the case.

In this case, there were only two men on the boat.  Both of them assumed equal responsibilities for driving and refueling the boat.  Mr. Paulino did not assume any primary responsibility for driving the boat, and nor did he assume any navigational responsibility.  He did not recruit anyone either.  Mr. Paulino therefore asserts that application of the captain enhancement would be improper and inequitable.  As the PSI notes, in ¶ 17, both men on the boat "are viewed as being equally culpable

participants in that they were on board a go-fast vessel, transporting approximately 286 kilograms of cocaine." Their duties and responsibilities aboard the boat reflect that equal culpability as well.

### b. Safety Valve (PSI ¶¶ 21, 61)

Mr. Paulino objects to Probation's determination that he does not meet one criterion for safety valve under U.S.S.G. § 5C1.2, and to the resulting determination that the Court must impose a 10-year minimum mandatory sentence. Probation determined that Mr. Paulino meets the criteria set forth in § 5C1.2(a)(1)-(4)—but because the government had follow-up questions regarding Mr. Paulino's post-arrest statement, Probation found that Mr. Paulino was ineligible for safety-valve relief under § 5C1.2(a)(5) (providing that, not later than the time of the sentencing hearing, the defendant must truthfully provide to the Government all information and evidence he has concerning the offense or offenses that were part of the same course of conduct).

That determination is no longer accurate, because undersigned counsel has since conferred with the government and has provided to Assistant United States Attorney Yvonne Rodriguez-Schack additional information that she requested regarding Mr. Paulino's duties and responsibilities aboard the vessel. Defense counsel provided this information midday on November 22, 2022, immediately after her first meeting with Mr. Paulino since receiving the PSI. At the time of this filing, undersigned counsel had yet to receive a response confirming that Mr. Paulino now satisfies the criterion for relief set forth in subsection (a)(5).

Because Mr. Paulino qualifies for safety valve, this Court may impose a sentence without regard to the statutory minimum sentence. Under U.S.S.G. § 2D1.1(b)(18), Mr. Paulino should receive a 2-level reduction in his adjusted offense level.

### III. Resulting Offense Level and Guidelines Calcuation (PSI ¶¶ 31, 62)

Mr. Paulino objects to Probation's calculation of the total offense level, the corresponding guideline range, and the sentencing options available to the Court. If this Court sustains Mr. Paulino's objections, the resulting total offense level should be 31. This calculation is reached as follows:

**Base Offense Level: 36** **(under § 2D1.1 for an offense involving at least 150kg but less than 450kg of cocaine)**

**-2** **(for safety valve under § 3B1.2(b))**

**-3** **(for acceptance of responsibility pursuant to § 3E1.1(a) and (b))**

_____

**Total offense level: 31.**

Mr. Paulino has no prior record, placing him in criminal history category I. With a total offense level of 31, his corresponding guideline range would be 108 to 135 months, rather than 168 to 210 months. For the foregoing reasons, Mr. Paulino asks this Court to sustain his objections to the PSI and sentence him after considering a guideline range of 108 to 135 months.

Respectfully,

**MICHAEL CARUSO**
**FEDERAL PUBLIC DEFENDER**


By: */s/Jenny Wilson*
Jenny Wilson
Assistant Federal Public Defender
Florida Bar No. 1031758
150 W. Flagler Street, Suite 1700
Miami, Florida  33130
Tel:   305-530-7000
E-Mail: jenny_wilson@fd.org


## CERTIFICATE OF SERVICE

I HEREBY certify that on November 23, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Jenny Wilson*